IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEANTHONY KIRK, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00261-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, LONNIE OLIVER, | ) MEMORANDUM OPINION ON |
| PATTY THOMPSON, EARL JONES, | ) DEFENDANTS' MOTION TO DISMISS |
| TAMMY TURNER, MICHELE THARP, | ) |
| OFFICER HASS, OFFICER BROWN, | ) ECF NO. 23 |
| OFFICER SUNBERG, SERGEANT | ) |
| MALUK, LIEUTENANT BEDNARDO, | ) |
| JESSAMINE HEALTHCARE, INC., | ) |
| JESSAMINIE HEALTHCARE, INC., | ) |
| CORRECT CARE SOLUTIONS, | ) |
| LLC/WELLPATH, LLC, JESSAMINE | ) |
| NURSE, (CAUCASIAN BRUNETTE), | ) |
| | ) |
| Defendants | ) |
| | ) |

I.   Introduction and Procedural History

Plaintiff Deanthony Kirk, an inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), commenced this action in the Court of Common Pleas of Erie County against the Pennsylvania Department of Corrections ("DOC"), several DOC employees (collectively, "DOC Defendants"),[1] Correct Care Solutions, LLC/Wellpath, LLC, Jessamine Healthcare, Inc. ("Jessamine"), and an unidentified Jessamine-employed nurse (collectively, "Medical Defendants"). ECF No 1-1. The Complaint asserted an Eighth Amendment claim against all Defendants and negligence claims under Pennsylvania law against five individual

---

[1] The DOC employees are Lonnie Oliver, Patty Thompson, Earl Jones, Tammy Turner, Michele Tharp, Officer Hass, Officer Brown, Officer Sunberg, Sergeant Maluk, and Lieutenant Bednardo. ECF No. 1-1.

DOC Defendants and the Medical Defendants. The DOC Defendants removed Complaint to this Court. *Id.* Thereafter, Kirk voluntarily withdrew his state law negligence claim against all Defendants and all claims against Medical Defendants, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF Nos. 15, 16.

Kirk then filed an Amended Complaint against the DOC and SCI-Albion Sergeant Maluk, Lieutenant Bednardo, and Corrections Officers Haas, Brown, and Sunberg. His Amended Complaint omitted the allegations and claims against the other DOC Defendants.[2] The Amended Complaint includes two counts: Count I asserts "failure to protect/failure to keep safe/cruel and unusual punishment" claims under the Fourth, Eighth, and Fourteenth Amendments, and Count II asserts a "*Monell*" claim. Both counts seek monetary damages against all remaining Defendants in their individual and official capacities.

The Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 23. Kirk has filed a brief in opposition to the motion to dismiss in which he defends the legal sufficiency of his Eighth Amendment claims but withdraws "without prejudice" all claims against Officer Sunberg, Lieutenant Bednardo, and the DOC, all claims asserted against Defendants in their official capacities, and Count II.[3] ECF No. 27. Accepting Kirk's "withdrawal" of claims as effective, this leaves pending his "failure to protect/failure to

---

[2] Consequently, the Clerk of Court terminated DOC Defendants Tharp, Thompson, Turner, Jones, and Oliver from this action.

[3] The Court will construe Kirk's brief liberally as a notice of voluntary dismissal of certain claims pursuant to Fed. R. Civ. P 41(a). So construed, Kirk's dismissal of *all* claims against Sunberg, Bednardo, and the DOC is procedurally permissible under Rule 41(a). But Kirk's voluntary dismissal of fewer than all claims against certain Defendants under Rule 41(a) is not. The proper procedure for the latter is the filing of an amended complaint. *See Chan v. Cnty. of Lancaster*, 2013 WL 2412168, at *16 (E.D. Pa. June 4, 2013) ("In an action with multiple defendants, voluntary dismissal of all claims against a single defendant is permitted under Rule 41(a); however, voluntary dismissal of some, but not all claims, against a single defendant is not permitted under Rule 41(a); *Rosario v. Strawn*, 2020 WL 5810009, at *3-4 (W.D. Pa. Sept. 30, 2020) (following *Chan*); *Stache v. Mid Mon Valley Transit Auth.*, 2020 WL 1477199, at *2 (W.D. Pa. Mar. 26, 2020) (same). Given the Court's ultimate disposition of Defendants' motion, however, Kirk's procedural misstep is of no moment.

keep safe/cruel and unusual punishment" Eighth Amendment claims against Defendants Hass, Brown, and Maluk in their individual capacities.

II.     Factual Allegations

For purposes of the pending motion, the factual allegations of Kirk's Amended Complaint are accepted as true. On July 22, 2021, Officer Haas was escorting Kirk "back to his cell with his hands cuffed behind his back," when, as they passed through a metal detector, Kirk "was suddenly hit on the right side of his face" and then "the left." ECF No. 19, ¶ 13. Immediately after, Kirk "saw Defendant, Brown, grab an inmate directly behind him, and push him against the wall." *Id.*, ¶ 14. Kirk "sustained serious physical injuries including but not limited to, a cut on his face directly under his right eye, decreased vision, uncontrolled eye movements, and intense facial pain." *Id*, ¶ 15.

Kirk was in solitary confinement at this time, and Hass was taking him back to his cell after outside recreation. Kirk asserts that "it is standard procedure for every inmate in solitary confinement to be escorted by a Correctional Officer with a Sergeant overseeing the transfer." *Id.*, ¶ 16. According to Kirk, Sergeant Maluk should have overseen his transfer, but he did not. Nor did any other sergeant.

Kirk still suffers from the injuries he sustained during the July 22, 2021 assault. He also "has extreme anxiety about an incident like this happening again and struggles with sleeping." *Id.*, ¶ 24.

III.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual

allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. 662. Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v.*

*City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' *Second*, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

IV. Discussion

Kirk claims that the Defendants violated his Eighth Amendment rights by "fail[ing] to protect [him] from being assaulted by a separate inmate." ECF No. 19. Because the facts alleged in the Amended Complaint do not support essential elements of a failure to protect claim or a conditions of confinement claim or any Defendant's personal involvement in actionable conduct, the Court will grant the Defendants' motion to dismiss.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state a viable failure to protect claim, the inmate must allege facts that support plausible inferences that "(1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the official was deliberately indifferent to that substantial risk to [the inmate's] health and safety,

5

and (3) the official's deliberate indifference caused [the inmate] harm." *Manuel v. Capozza*, 2022 WL 4001049, at *5 (W.D. Pa. July 14, 2022), *report and recommendation adopted*, 2022 WL 3998446 (W.D. Pa. Sept. 1, 2022) (quoting *Ramey v. Marsh*, 2022 WL 363854, at *3 (M.D. Pa. Feb. 7, 2022) (citing *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020))). Deliberate indifference manifests where the official "knows and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hill v. Patrick*, 2008 WL 1752692, at *2 (W.D. Pa. 2008) (quoting *Beers-Captiol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). Additionally, "[a] correctional officer's failure to intervene when a prisoner is being physically assaulted by another prison official can be the basis of liability for an Eighth Amendment violation 'if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.'" *Millbrook v. United States*, 714 Fed. Appx. 109, 114 (3d Cir. 2017) (citing *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)).

To prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff must prove that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005); 42 U.S.C. § 1983. It is axiomatic that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. *See Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her

6

own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009).  In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

"Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity" in that a complaint must identify the person responsible and allege his or her conduct upon which the claims is based. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988). *See also Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005). Indeed, "[w]hen a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow." *Rager v. Mataloni*, 2016 WL 4679010, at *3 (M.D. Pa. Sept. 7, 2016) (citing *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003)). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Kirk argues that Haas and Brown failed to protect him from an unidentified inmate's attack despite their presence in the immediate area at the time of the assault. Kirk bases his claim against Maluk upon his supervisory responsibilities and his absence from the scene of the attack. Despite the presence of Haas and Brown at the scene, the facts alleged do not support a

plausible inference that any Defendant knew or should have known that the assault was imminent or that any Defendant had a reasonable opportunity to intervene to prevent the assault. Indeed, the facts alleged belie such inferences.

Haus' only alleged involvement in the incident was his escorting of Kirk through the metal detector. Brown's only alleged involvement was his interaction with an inmate immediately following the assault. Maluk is faulted for failing to oversee Kirk's transport. None is alleged to have knowledge of facts that would have led a reasonable person to expect the assault or to have had any reasonable opportunity to intervene to protect Kirk from the first or second slap by the unnamed inmate. To the contrary, the facts alleged depict a sudden and unexpected attack and Brown's immediate intervention after the other inmate struck Kirk. Kirk's allegations acknowledge that Maluk was not present at the time of the assault and, thus, was neither able to anticipate nor intervene in the assault. Maluk's alleged failure to supervise his transfer as required by a DOC policy does not support a failure to protect claim absent allegations of fact that he had knowledge that the other inmate posed a particular threat to Kirk. A DOC official's failure to follow policy, standing alone, does not support an independent cause of action. *See Williams v. Overmyer*, 2020 WL 746844, at *1 (W.D. Pa. Feb. 14, 2020). And Kirk cannot base Maluk's liability under § 1983 on a theory of respondeat superior. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 239 (3d Cir. 2017).

Because the Amended Complaint fails to allege facts to support that any Defendant played an affirmative part in the assault against Kirk, knew or should have known Kirk faced an imminent risk of attack, or had a reasonable opportunity to intervene in the assault, it fails to state an Eighth Amendment failure to protect claim.

Kirk also appears to assert a conditions of confinement claim based on the unnamed inmate's alleged assault upon him. This claim fails for similar reasons. The Eighth Amendment's prohibition of cruel and unusual punishment imposes constitutional limitations on a prisoner's conditions of confinement. *See Rhondes v. Chapman*, 452 U.S. 337 (1981); *Graham v. Connor*, 490 U.S. 386 (1989); *Wilson V. Seiter*, 501 U.S. 294 (1991). Specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Indeed, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" *Id.* at 833 (quoting *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). To state a viable conditions of confinement claim, the plaintiff must allege facts to show: (1) a deprivation that is "objectively, sufficiently serious"; and (2) that the prison official "had a sufficiently culpable state of mind." *Beers-Capitol*, 256 F.3d at 125 (quoting *Farmer*, 511 U.S. at 834) (cleaned up).

Kirk's failure to allege facts to support that any Defendant acted with deliberate indifference to his safety also negates his conditions of confinement claim. *See Farmer*, 511 U.S. at 844 ("prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment"). Furthermore, the assault as depicted does not amount to "the unnecessary and wanton infliction of pain" contemplated by the Eighth Amendment. *See id.*, at 834 (quoting *Wilson*, 501 U.S. at 297). Nor do the allegations describe conduct that could be construed as such. Accordingly, Kirk's conditions of confinement claim also fails against all Defendants.[4]

---

[4] Given the Court's dismissal of both counts of the Amended Complaint, it need not address Defendants' challenge to Kirk's request for monetary relief against them in their official capacities.

V.     Further Amendment would be futile.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.*

In this case, Kirk's allegations demonstrate that further amendment would be futile. He has already amended his pleading in response to challenges to the legal sufficiency of his claims. The factual allegations of his Amended Complaint demonstrate that the assault by the unnamed inmate was sudden and provided Defendants with no reasonable opportunity to intervene. No facts are alleged in Kirk's original Complaint or his Amended Complaint to indicate that Defendants had any reason to anticipate the attack. Thus, no amendment can save his Eighth Amendment failure to protect or intervene claim. Amendment to Kirk's conditions of confinement claim is also futile for the same reasons. Accordingly, these claims will be dismissed with prejudice.

VI.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 23) is GRANTED.

DATED this 12th day of June, 2023.

BY THE COURT:

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE